IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No.:  1:08cr63 |
| | : | Honorable James C. Cacheris |
| DANIEL ELIJAH BREWER, | : | Sentencing: June 13, 2008 |
| Defendant. | : | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Pursuant to Section 6A1.2 of the *Federal Sentencing Guidelines* the defendant, DANIEL ELIJAH BREWER, comes now and for his position with regards to sentencing factors to be relied upon at sentencing and states the following:

### I.    Objections to PSI

The defendant has reviewed the presentence investigative report with the assistance of counsel.  The defendant does not object to any of the guideline factors.

### II.   The Sentence

A sentencing court is required to consider the guidelines ranges, *see* 18 U.S.C.A 3553(a)(4)(Supp. 2004), but is permitted to tailor the sentence in light of other statutory concerns as well.  Specifically, 18 USC 3553(a) notes:

> The court shall impose a sentence **sufficient, but not greater than necessary,** to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider—
> (1)     the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)     the need for the sentence imposed—
>         (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>         (B)    to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available;
  (4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;
  (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

  As aforementioned, 18 USC 3553(a)(1) directs a sentencing court to consider the nature and circumstances of the offense and the history, the need to avoid unwarranted disparities, and characteristics of the defendant in imposing an appropriate sentence. 18 USC 3553(a) further cautions a sentencing court to impose a sentence **sufficient, but not greater than necessary** to satisfy the enumerated sentencing goals. The defendant respectfully submits pursuant to the U.S. Supreme Court rulings in *United States v. Gall,* __ U.S. ____, 128 S.Ct. 586 (2007) and *Kimbrough v. United States*, ____U.S.___, 128 S.Ct. 558(2007), a sentence of the mandatory minimum of 120 months is sufficient.

  The guidelines are no longer mandatory. *See Gall,* 128 S.Ct. at 596-97(sentencing court "may not presume that the Guidelines range is reasonable. He must

make an individualized assessment based on the facts presented.")(internal citation omitted.).  In *Kimbrough,* the Court held that a district court is free under the advisory sentencing guidelines to sentence outside the advisory range on the basis of a disagreement with a policy determination made by the Sentencing Commission—in that case, the 100:1 sentencing disparities between "crack" and powder cocaine.  The Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve §3553(a)'s purposes, even in a mine-run case."  128 S.Ct. at 575.

The advisory guidelines recommend a sentence of 108-135 months on count 1 of the indictment.  However the mandatory minimum sentence required by statute is 120 months. Count 1 of the criminal information requires a sentence of 60 months to be ran consecutive to count 1 of the indictment.  As a consequence the defendant is required to receive a sentence of no less than 15 years.  In light of the disparity between the treatment of crack cocaine verses powder cocaine, the nature and circumstances of the offense, the need to avoid unwarranted disparities, and the history and characteristics of the defendant he submits a sentence of the mandatory minimum is sufficient in order to satisfy the legitimate purposes of 3553(a).

      **A.**    **Crack Cocaine Disparity**

The amount of drugs the defendant is being held accountable for subjects him to the mandatory minimum sentence of 1200 months.  Of course, the controlled substance driving this sentencing determination is crack cocaine.  As the Court is well aware crack cocaine is treated significantly different than its sibling powder cocaine under the

advisory guidelines.  This disparity has been addressed several times by the Sentencing Commission in recent years and has finally been addressed by the U.S. Supreme Court in both *Gall* and *Kimbrough*.

There is simply no justification to punish the defendant in such a disproportional manner.  In evaluating the disparitive treatment this Honorable Court should examine the differences the guidelines would mandate for the same quantity of powder cocaine.  Needless to say, the defendant would not be facing a mandatory minimum of 10 years.  His potential sentence would be less than half that amount.  Fundamental fairness requires this Honorable Court to take this factor in account when fashioning an appropriate sentence.  Again, the defendant submits a sentence at the statutory minimum is sufficient.

      **B.**      **Nature and Circumstances of Offense**

The defendant stands convicted of a serious narcotic violation.  Essentially, this defendant was a low-level crack cocaine dealer.  The evidence is insufficient to support a conclusion that he was a significant drug dealer or a part of a major drug conspiracy.  There are no alleged acts of violence and the defendant's cooperation with law enforcement initiated at the time of his arrest.  Although the defendant pled guilty to a firearm offense in relation to his drug trafficking there is no evidence that he used the firearm to threaten or harm anyone.  The investigation reveals that within days of receiving the firearm for a co-conspirator the defendant was arrested.  At the time of his arrest it was discovered in his residence.  However, again there is absolutely no evidence that he ever harmed anyone with this weapon.  Given the non-violent nature of the

offense and the defendant limited role it is respectfully suggested that the statutory mandatory minimum sentence is sufficient.

### C.     Need to Avoid Unwarranted Disparities

The defendant stands indicted along with four co-conspirators. At the time of his sentencing three of the four will have been sentence. Each conspirator stand convicted of conspiracy to distribute/posses crack cocaine. Each is subjected to the mandatory minimum sentence. Unlike his co-defendants Mr. Brewer also faces a consecutive 60 month sentence on count 1 of the criminal information. A sentence at the mandatory minimum would represent a sentence comparable to each co-defendant. Again, given his role in the offense there is simply no need to punish him any greater.

### D.     History and Characteristic of The Defendant

The defendant is a 20 year old young man. Prior to the instant offense the defendant's most serious involvement with the criminal justice system involved his violation of the traffic laws of the Commonwealth of Virginia. This is his first criminal conviction of any kind. As a consequence he is a criminal history category I.

The offense conduct charged in the instant matter began shortly after the defendant reached the age of 18. He is a soon to be father. He has no history of violence. This represents his first period of incarceration. Since his incarceration began on February 15, 2008, the defendant has initiated his rehabilitation. He is currently working diligently on obtaining his GED. He enjoys a closer bond with his mother and the soon-to-be mother of his child.

The defendant is not a life long criminal. Instead he is barely removed from his juvenile years. His actions are as much a by-product of his youth and poor judgment as

his substance abuse.  This Honorable Court should recognize the vast potential for rehabilitation and not sentence him to any time more than that which the law requires.

### III.   Conclusion

The defendant respectfully requests this Honorable Court to sentence him to the least amount of time allowable.

Respectfully submitted,

                          DANIEL ELIJAH BREWER,
                          By Counsel

_____/s/_____
ROBERT L. JENKINS, JR.
Bynum & Jenkins, PLLC
Virginia State Bar No.: 39161
901 North Pitt Street, Suite 320
Alexandria, Virginia  22314
(703) 549 7211 Telephone
(703) 549 7701 Fax
rjenkins@bynumandjenkinslaw.com
Counsel for the Defendant DANIEL ELIJAH BREWER

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and accurate copy of the foregoing to be served on counsel of record via ECF on June 9, 2008.

_____/s/_____
ROBERT L. JENKINS, JR.
Bynum & Jenkins, PLLC
Virginia State Bar No.: 39161
901 North Pitt Street, Suite 320
Alexandria, Virginia  22314
(703) 549 7211 Telephone
(703) 549 7701 Fax
rjenkins@bynumandjenkinslaw.com
Counsel for the Defendant DANIEL ELIJAH BREWER